

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

(1) CHERYL L. CHERRY, )
                 )
        Plaintiff, )
                 )
v.                  )
                 )
(1) State of Oklahoma, ex rel., Department )
of Human Services, (2) Edward Lake, )
Director of the Oklahoma Department of )
Human Services, in his individual capacity, )
(3) Jina Vietta, in her individual capacity, )
                 )
        Defendants. )

**CJ No. 2014-02160**

Attorney Lien Claimed

**DISTRICT COURT**
**F I L E D**

JUN - 4 2014

**SALLY HOWE SMITH, COURT CLERK**
**STATE OF OKLA. TULSA COUNTY**

### PETITION

MARY F. FITZGERALD

    COMES NOW Plaintiff, Cheryl Cherry, by and through her attorney of record,

Daniel E. Smolen of Smolen, Smolen & Roytman, PLLC, and brings this action against

Defendants, State of Oklahoma, ex rel., Department of Human Services, Edward Lake,

and Jina Vietta, for their violations of Plaintiff's constitutionally protected rights arising

out of her employment and termination by said Defendant. In support of her Petition,

Plaintiff states as follows:

### PARTIES, JURISDICTION & VENUE

1.     This is an action for damages and to secure protection of and to redress

deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42

U.S.C §2000-2 hereinafter ("Title VII").

2.     Plaintiff, Cheryl Cherry, an African American female and resident of the State of

Oklahoma, filed a charge of discrimination against Defendants with the Equal

## EXHIBIT 2

Employment Opportunity Commission ("EEOC").  Plaintiff complained to the EEOC of discrimination based upon her race.

3.      Plaintiff received a Notice of Right to Sue and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue.

4.      As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

5.      Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

6.      Punitive damages are sought pursuant to 42 U.S.C. § 1981-A.

7.      Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

8.      Plaintiff is a resident of Tulsa County, State of Oklahoma.

9.      Defendant Oklahoma Department of Human Services ("DHS") operates in Tulsa County and regularly employs more than fifteen (15) employees.

10.     Defendant Edward Lake is the Director of DHS and is a resident of the State of Oklahoma. Plaintiff is suing Lake in his individual capacity acting under the color of state law. Lake is responsible for adopting and implementing policies that ensure against racial discrimination.

11.     Defendant Jina Vietta is an employee of DHS and was the supervisor of Plaintiff. Defendant Vietta was responsible for implementing DHS policies regarding racial discrimination and ensuring she did not treat her employees differently on the basis of race.

12.     The incidents and occurrences giving rise to Plaintiff's claim occurred in Tulsa County, State of Oklahoma.

13.     Therefore, jurisdiction and venue properly lie in this Court.

**EXHIBIT 2**

## FACTS COMMON TO PLAINTIFF'S CLAIMS

14.     Plaintiff incorporates the preceding paragraphs as if realleged.

15.     Plaintiff began her employment with Defendant DHS in July 1990 as a "Clerk II" and was later promoted to "Adult Protective Services Specialist," and eventually gained supervisory responsibilities over subordinate employees.

16.     Despite Plaintiff consistently performing quality work, her decisions and actions were micromanaged by her Caucasian supervisor, Jina Vietta.

17.     In October of 2012 Plaintiff was informed that she had allegedly committed various policy violations with respect to guardianships and was demoted out of her supervisory position by her supervisor, Jina Vietta.

18.     However, Plaintiff is aware of other non African American supervisors who acted in the same manner as Plaintiff with respect to guardianships yet were not demoted. Specifically, Plaintiff knows that Sherry Stevens was a Caucasian supervisor who committed the same policy violations as Plaintiff and was not demoted.

19.     Additionally, when Plaintiff was demoted, she was escorted to her desk by a Caucasian supervisor in an effort to intentionally humiliate her. However, Plaintiff was aware of Caucasian counterparts who received discipline yet were not then escorted to their desks.

20.     Additionally, Plaintiff observed her supervisor, Defendant Jina Vietta, make untruthful allegations against other African American employees and held African American employees to a higher standard than she held the Caucasian employees.

21.     Plaintiff believes that the hostile environment, disparate treatment, demotion and the termination of her employment was based upon her race.

## EXHIBIT 2

### FIRST CLAIM FOR RELIEF
### DISCRIMINATION BASED ON RACE (TITLE VII) (against all Defendants)

22.    Plaintiff incorporates the preceding paragraphs as if realleged.

23.    By demoting and later terminating the Plaintiff and treating her differently than similarly-situated Caucasian employees in regards to demotions and termination, Defendants violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

      a.  Back pay and lost benefits; front pay until normal retirement;
      b.  Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
      c.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
      d.  Her attorney fees and the costs and expenses of this action;
      e.  Injunctive Relief
      f.  Such other relief as the Court deems just and equitable.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1981 (against all Defendants)

24.    Plaintiff incorporates the preceding paragraphs as if realleged.

25.    By continually subjecting Plaintiff to racial hostility, demoting her, and ultimately terminating her employment, Defendants and their agents have violated 42 U.S.C §1981.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

      a.  Back pay and lost benefits; front pay until normal retirement;
      b.  Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
      c.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
      d.  Her attorney fees and the costs and expenses of this action;
      e.  Injunctive Relief
      f.  Such other relief as the Court deems just and equitable.

## EXHIBIT 2

## THIRD CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF TITLE VII (against all Defendants)

26.     Plaintiff incorporates the preceding paragraphs as if realleged.

27.     By demoting and later terminating Plaintiff's employment in retaliation for her

participation in protected activity as defined under Title VII, Defendants have violated 42

U.S.C. §2000e-3(a).

WHEREFORE, Plaintiff prays for judgment against Defendants for:

      a. Back pay and lost benefits; front pay until normal retirement;
      b. Compensatory damages for her mental anguish, pain and suffering and
      other non-pecuniary losses;
      c. Punitive damages for the intentional and knowing acts of discrimination
      committed by the Defendants' management and executives;
      d. Her attorney fees and the costs and expenses of this action;
      e. Injunctive Relief
      f. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO ENSURE A NON-HOSTILE WORK ENVIRONMENT (against all
## Defendants)

28.     Plaintiff incorporates the preceding paragraphs as if realleged.

29.     By continually subjecting Plaintiff to a hostile work environment and failing to

properly ensure a non-hostile work environment, and then ultimately demoting and

terminating her, Defendants have violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

    a. Back pay and lost benefits; front pay until normal retirement;
    b. Compensatory damages for her mental anguish, pain and suffering and
      other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination
      committed by Defendants' management and executives;
    d. Her attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

## EXHIBIT 2

### FIFTH CLAIM FOR RELIEF:
### Intentional Infliction of Emotional Distress (against all Defendants)

30.    The preceding paragraphs are incorporated herein by reference.

31.    Defendants' actions of intentional and malicious discrimination are extreme and

outrageous and have caused severe emotional and psychological damage to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

   a.  Back pay and lost benefits; front pay until normal retirement;
   b.  Compensatory damages for her mental anguish, pain and suffering and other
       non-pecuniary losses;
   c.  Punitive damages for the intentional and knowing acts of discrimination
       committed by Defendants' management and executives;
   d.  Her attorney fees and the costs and expenses of this action;
   e.  Such other relief as the Court deems just and equitable.


### SIXTH CLAIM FOR RELIEF:
### 42 USC § 1983 – Equal Protection Violation Against Defendants Lake and
### Vietta

30.    The preceding paragraphs are incorporated herein by reference.

31.    Defendants Lake and Vietta were aware that Plaintiff's constitutional rights to

equal protection under the law were being violated. Specifically, Defendants Lake

and Vietta knew she suffered disparate discipline in the form of her demotion and

termination from employment.

32.    Defendants Lake and Vietta had a constitutional duty to develop and

implement policies and procedures to ensure Plaintiff and other African

Americans were not subject to disparate treatment. However, rather than ensuring

such policies existed and were adhered to, Defendant Vietta repeatedly

discriminated against Plaintiff on the basis of race and Defendant Lake ratified

Vietta's decisions and failed to correct them.


### EXHIBIT 2

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a.  Back pay and lost benefits; front pay until normal retirement;
b.  Punitive damages for the intentional and knowing acts of discrimination
    committed by Defendants' management and executives;
c.  Her attorney fees and the costs and expenses of this action;
d.  Equitable relief; and
e.  Such other relief as the Court deems just and equitable.

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN, PLLC**

Daniel E. Smolen, OBA No. 19943
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*

**EXHIBIT 2**